**In the Matter of CPM ENERGY SYSTEMS, INC., Debtor.**

**FIRST NATIONAL BANK OF PALMERTON, Plaintiff,**

v.

**CPM ENERGY SYSTEMS, INC., Defendant.**

**Bankruptcy No. 89–103. Motion No. M–89–112.**

United States Bankruptcy Court, D. Delaware.

July 6, 1989.

Patrick Scanlon, Dover, Del., for plaintiff.

Thomas D. Runnels, Newark, Del., for debtor/defendant.

## BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

First National Bank of Palmerton has moved under § 362(d) of title 11, United States Code, for relief from the automatic stay provisions of § 362(a) to permit it to exercise its rights under state law. The debtor-in-possession, CPM Energy Systems Corporation, has moved under § 1121(d) of title 11, United States Code, for an extension of 120 days within which it has the exclusive right to file a plan and solicit acceptances. Such a request must be made within the original 120–day period established by statute. CPM has satisfied that requirement having filed its motion on the 119th day.

Section 362(d) is written in the disjunctive and a movant for relief need only establish (1) cause, which includes a lack of adequate protection OR (2) that the debtor lacks equity and the property is not needed for an effective reorganization. This case is no different from most in that the two become mixed and the court is required to deal with both subsections.

The Bank holds a mortgage on a warehouse property purchased by CPM in 1986 for $750,000. The current appraisal of $630,000 reflects depreciation occasioned by use of the structure for combustible material.

CPM has been in default under the mortgage terms for approximately 14 months. There is due and owing the Bank as of June 29 for principal, interest and late charges the sum of $729,055.87. In addition, the Bank obtained a policy of insurance at a cost of $3,769 for coverage of

$650,000. The mortgage on the property also contains a provision for the assessment of attorneys' fees. Whether that amount is reasonable or not is not necessary to the determination here but obviously a reasonable amount will increase the debt due. Further, note must be taken that interest and late charges continue to accrue.

CPM lacks equity in the property. It offers as adequate protection the desire and work of the officers and stockholders to bring to fruition one or more of three "possible" solutions to CPM's financial difficulties. These solutions are also the cause asserted for the exclusivity extension.

CPM argues that the property is essential to a reorganization. CPM has equipment in another building for the production of refuse derived fuel or fertilizer and the warehouse is necessary to store the end product. In fact, the warehouse contains the end product produced before the cessation of business a little over a year ago. Its storage has contributed to the building's depreciation. Obviously the property is necessary to a reorganization but the next question is whether there is a reasonable probability of a reorganization. CPM's counsel referred to three "possible" solutions and that is what they are—possible. The Bank has established cause for relief from stay.

Having said that, I note that this case is not quite five months old, not a long time for a Chapter 11 case. In light of the three "possible" solutions, I extend the exclusivity period through September 30, 1989.

In the event CPM has not satisfied the Bank that there is a realistic prospect of presenting a plan to the court prior to September 30, 1989, the Bank is granted relief from the stay so that it may proceed with foreclosure following September 1, 1989, without further order of court.

An order to that effect will be entered today.